**Ding Jian ZHENG, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

**No. 04–4772–AGNAC.**

United States Court of Appeals, Second Circuit.

March 1, 2006.

Theodore Cox, New York, New York, for Petitioner.

John C. Richter, United States Attorney for the Western District of Oklahoma, Kay Sewell, Assistant United States Attorney, Oklahoma City, Oklahoma, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT D. SACK, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the order of the Board of Immigration Appeals ("BIA"), IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review is DENIED.

Petitioner Ding Jian Zheng ("Zheng"), through counsel, petitions for review of an order of the BIA affirming the decision of an immigration judge ("IJ") ordering his removal to China and denying his application for asylum and withholding of removal. We assume the parties' familiarity with the facts and procedural history of the case.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386

F.3d 66, 73–79; *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

In the present case, there was substantial evidence to support the IJ's credibility determination, including: (1) Zheng's failure to mention his wife's alleged forced sterilization, the basis of his persecution claim, in his asylum application; (2) Zheng's inability to provide specific dates surrounding the sterilization; (3) the absence of any mention of the sterilization or alleged detention in Zheng's wife's statement, which Zheng had submitted as corroborative evidence; and (4) Zheng's demonstrated lack of urgency with respect to his departure from China, given that Zheng claimed that his wife had been forcibly sterilized in 1984, yet Zheng did not come to the United States until, at the earliest, 1992. Taken together, the above points cited by the IJ provide specific, cogent reasons that bear a legitimate nexus to the adverse credibility finding. *See Secaida–Rosales*, 331 F.3d at 307. Additionally, the IJ properly denied Zheng's claim for withholding of removal because he had not met the lower burden required for asylum. *See Zhang v. U.S. INS*, 386 F.3d 66, 71 (2d Cir.2004).

For these reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).